IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LANDRETH LUMBER COMPANY; | ) | Bankruptcy Case No. 07-30466 |
| JACKSONVILLE WHOLESALE, INC., | ) | |
| | ) | |
| Debtors. | ) | |
| | | |
| ROBERT EGGMANN, Trustee for | ) | |
| Landreth Lumber Company | ) | |
| Creditor Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Case No. 09-3046 |
| | ) | |
| MRH CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

This matter having come before the Court on for trial on a Complaint to Avoid and Recover Preferential Transfers; the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Prior to ruling on the Complaint herein, the Court notes that there are two evidentiary matters raised by the Plaintiff which must be addressed. First, the Plaintiff has objected to the testimony of the Defendant's President, Mike Howald, as an expert regarding industry practice. In this regard, the Court finds that Mr. Howald has not been qualified as an expert regarding the terms of business in the industry in

which he is engaged.   Mr. Howald has not been shown to have personal knowledge of industry practice and, as such, his testimony is speculative at best.   Mr. Howald, however, is fully qualified to testify as to the practice and business terms between his company and the Plaintiff.   Second, the Plaintiff has made evidentiary objections to the Defendant's Post-Trial Memorandum arguing that the Defendant has sought to include what purports to be a summary of Debtor's invoices between January 2006 and March 2007.   The Court finds that the Plaintiff's objection is valid, and, as such, the Court will only consider the testimony of the Defendant's witnesses at trial and the materials included on Defendant's Exhibits Nos. 1 and 2, which were admitted at trial without objection.

At trial, on October 5, 2009, the parties stipulated that the undisputed facts establish the elements of a preference, pursuant to 11 U.S.C. § 547(b), as a matter of law.   The Defendant asserted two defenses to the admitted preference under 11 U.S.C. §§ 547(c)(2) and (4).   The parties agreed that the Defendant has the burden of proof by a preponderance of the evidence to establish its defenses.   In re Midway Airlines, Inc., 69 F.3d 792 (7th Cir. 1995); In re Leprechaun Trucking, Inc., 356 B.R. 190 (Bankr. C.D. Ill. 2007).

Two witnesses testified on behalf of the Defendant:  the President/owner of the Defendant corporation and the Defendant's billing clerk.   The Court found both witnesses to be credible and further found that their testimony was in no way controverted by the brief cross-examination conducted by Plaintiff's counsel.   The Defendant offered two exhibits, and those were admitted into evidence without objection by the Plaintiff.

2

The purpose of the preference statute is to prevent the debtor during his slide toward bankruptcy from trying to stave off the evil day by giving preferential treatment to his most importunate creditors, who may sometimes be those who have been waiting longest to be paid. In re Tolona Pizza Products Corp., 3 F.3d 1029 (7th Cir. 1993).

The exception carved out by § 547(c)(2), however, is designed to protect reoccurring customary credit transactions that are received and paid in the ordinary course of the business of the debtor and the debtor's transferee. Energy Co-op. Inc. v. Scoop International Limited, 832 F.2d 997 (7th Cir. 1987).

The purpose of the exception under 11 U.S.C. § 547(c)(2) is to leave undisturbed normal financial relations, because it does not detract from the general policy of the preference section to discourage *unusual action* by either the debtor or his creditors during the debtor's slide into bankruptcy. (HR Rep No. 595, 95th Cong, 1st Sess 373 (1977); S Rep No. 989, 95th Cong, 2d Sess 88 (1978)) (emphasis added)

Title 11 U.S.C. § 546(c)(2) states:

> (c)   The trustee may not avoid under this section a transfer - . . .

> (2)   to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was -

> (A)   made in the ordinary course of business or financial affairs of the debtor and the transferee; or

> (B)   made according to ordinary business terms;

In order to determine whether payments were made and received in the ordinary course of these parties' business, the court must make a factual inquiry into the prior dealings between the parties. In re Marchfirst, Inc., 381 B.R. 689 (Bankr. N.D. Ill. 2006)

In order to establish a defense under 11 U.S.C. § 547(c)(2), a creditor/defendant must establish a baseline of dealings to enable the court to

compare the payment practices during the preference period with the prior course of

dealing.

> The twelve-month period preceding the preference period is an
> appropriate standard for determining the ordinary course of business
> between parties.  In re Leprechaun Trucking, Inc., 356 B.R. 190
> (Bankr. C.D. Ill. 2007)

In the instant case, the clear, uncontroverted testimony of the Defendant's

witnesses establishes that the Defendant corporation supplied fuel for the Debtor's

vehicles on credit from 1985 until February 2009.   Both the testimony and the

documentary evidence, in Defendant's Exhibits Nos. 1 and 2, establish that fuel was

supplied to the Debtor on credit with statements being sent to the Debtor in the early

part of each month and the Debtor paid each statement in full by the end of the

month or early in the following month with little variance through all of the years that

the parties did business together.   The business practices between the parties did

not change during the preference period, and they did not change even after the

Debtor filed for relief under Chapter 11 of the Bankruptcy Code.   The uncontroverted

facts clearly establish that the Defendant was merely facilitating the Debtor's effort to

continue doing business and that there was absolutely no indication that the Debtor

was affording the Defendant unusual or preferential treatment over other creditors.

These uncontroverted facts lead the Court to the clear conclusion that the Defendant

has established by a preponderance of the evidence that all payments made during

the preference period were in the ordinary course of business between the parties as

required by 11 U.S.C. § 547(c)(2).       In addition to its defense under 11 U.S.C. §

547(c)(2), the Defendant also asserts a defense under 11 U.S.C. § 547(c)(4), which

states:

4

(4)    to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor -

(A)    not secured by an otherwise unavailable security interest; and

(B)    on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor;

In order to prevail on its subsequent new value defense, the Defendant must meet three requirements:   (1) the creditor must have received a transfer that is otherwise avoidable as a preference under § 547(b); (2) after receiving the preferential transfer the preferred creditor must advance new value to the creditor on an unsecured basis; and (3) the debtor must not have fully compensated the creditor for the new value as of the date that it filed its bankruptcy petition.   In re Winstar Communications, Inc., 554 F.3d 382 (3d Cir. 2009)

In considering the uncontroverted facts adduced at trial, the Court must conclude that the Defendant has failed to establish elements (2) and (3) of the subsequent new value defense under § 547(c)(4).   While there is evidence that the Defendant continued to supply fuel on credit to the Debtor after preferential transfers were made and even after the Debtor's bankruptcy petition was filed, the Court cannot ascertain from the evidence whether any debt to the Defendant remained unpaid at the date of Debtor's Chapter 11 filing.   As such, the Court must conclude that the Defendant has failed to establish, by a preponderance of the evidence, the exception afforded by 11 U.S.C. § 547(c)(4).

ENTERED:   November 23, 2009.

5

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge